FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

OCT 18 2019

MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        CR 19-1374 KG

BENJAMIN SANCHEZ-PORRAS,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant's Objections (Doc. 40) to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"). On reference from the undersigned (Doc. 29), United States Magistrate Judge Gregory J. Fouratt recommended that this Court deny Defendant's Motion to Dismiss Indictment (Doc. 23) ("Motion"). *See* (Doc. 39). On October 10, 2019, Defendant filed his Objections to Report and Recommendation and to Request for De Novo Review of Magistrate's Report and Recommendation ("Defendant's Objections") (Doc. 40). The Government filed its objections on October 11, 2019. (Doc. 41). As explained below, the Court concludes that Defendant's Objections are without merit. Therefore, the Court adopts Judge Fouratt's PFRD, overrules Defendant's Objections, and denies Defendant's Motion.[1]

## I. BACKGROUND

Judge Fouratt detailed the procedural and factual background of this case in his PFRD. (Doc. 39) at 1-5. This Court adopts those findings in full. In sum, the Government charged Defendant with illegal reentry under 8 U.S.C. §§ 1326(a) and (b). Defendant then moved to dismiss this indictment under 8 U.S.C. § 1326(d), alleging that the underlying deportation order—

---

[1] Because of its resolution of Defendant's objections, the Court does not address the Government's objections, which the Government explained were filed only for appellate review purposes. (Doc. 41) at 1.

1

the validity of which is an essential element of the indictment—was unlawful. Both parties agree that the original charge (knowingly possessing marijuana with the intent to deliver, in violation of Iowa Code Ann. § 124.401(1)(d) (1997)) that served as the basis for Defendant's prior removal had been dismissed. The United States asserted, however, that Defendant would have been removed nonetheless because he had been convicted of a drug tax stamp felony under Iowa Code Ann. §§ 453.1(3)(b) and 453B.12. ~~The PFRD~~ Judge Fouratt concluded that, pursuant to § 1326(d)(3), the entry of the underlying removal order was not fundamentally unfair because the drug tax stamp violation would have provided an independent basis for removal. Because Defendant's failure to establish § 1326(d)(3) was dispositive of the Motion, Judge Fouratt declined to reach a conclusion on whether Defendant met the further requirements in § 1326(d)(1) and (2).

II. OBJECTIONS

A. Defendant's Objection

Defendant asserts a single objection: o/c that Judge Fouratt ~~The PFRD~~ erroneously concluded that the Immigration and Naturalization Service would have substituted—in place of the dismissed possession charge—Defendant's Iowa drug tax stamp conviction as the underlying charge in the Notice to Appear ("NTA"). (Doc. 40) at 1. Specifically, Defendant argues that the Government failed to offer any evidence that would support that such a substitution would have occurred. *Id.* at 2. Defendant further argues that his proffered evidence, specifically an affidavit executed by and testimony from immigration attorney Orlando Mondragon, shows that the underlying removal charge would have been terminated. *Id.* at 2-4.

B. Government's Objections

The United States objects to the PFRD to "clarify its position in relation to the remaining elements of Defendant's § 1326(d) challenge and [to] preserve these arguments should the matter

2

proceed to appeal." (Doc. 41) at 1. Specifically, the Government contends that Defendant failed to exhaust administrative remedies under § 1326(d)(1), *id.* at 3-6, and failed to demonstrate that the removal proceeding deprived him of the opportunity for judicial review under § 1326(d)(2), *id.* at 6-9. The Court need not address the Government's objections because, as the PFRD correctly concluded, § 1326(d)(3) is dispositive of Defendant's Motion.

III. LEGAL STANDARDS

*A. Standard for Objections to a Magistrate Judge's Report*

Pursuant to 28 U.S.C. § 636(b)(1)(B) (2012), a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of any case pending before the Court. Where a party timely objects to the magistrate judge's proposed disposition, this Court conducts a *de novo* review of all portions of the recommendation that have been objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations." *See id.* § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

*B. Standard to Collaterally Attack a Prior Removal Order*

A defendant prosecuted under 8 U.S.C. § 1326 for illegal reentry may challenge in that criminal proceeding the validity of a prior removal order. 8 U.S.C. § 1326(d); *see United States*

3

*v. Mendoza-Lopez*, 481 U.S. 828, 830-32 (1987). To collaterally attack the previous removal order, an alien must show that the following requirements have been met:

    (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

    (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

    (3) the entry of the order was fundamentally unfair.

§ 1326(d)(1)-(3).

"Because a final deportation order enjoys a presumption of regularity, once the government shows that the alien was deported while such an order was outstanding, *the burden shifts* to the defendant-alien, and it is he who must prove *each* of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order." *United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010) (emphasis added) (citing *United States v. Arevalo–Tavares*, 210 F.3d 1198, 1200 (10th Cir. 2000) (per curiam)); *see also United States v. Almanza-Vigil*, 912 F.3d 1310, 1316 (10th Cir. 2019) (upholding conviction based on defendant's failure to satisfy § 1326(d)(3) alone).

In reviewing a collateral attack on a previous removal order, the Court applies the law that existed at the time and place of Defendant's removal proceedings, though later judicial decisions, such as those involving "statutory interpretation are fully retroactive because they do not change the law, but rather explain what the law has always meant." *United States v. Rivera-Nevarez*, 418 F.3d 1104, 1107 (10th Cir. 2005).

IV. ANALYSIS

In resolving Defendant's objection, the Court must answer a single question: whether Defendant established that the defective 1999 NTA caused "the entry of the [removal] order [to be] fundamentally unfair." § 1326(d)(3). The Court must therefore analyze whether Defendant has "establish[ed] a reasonable likelihood that, but for the complained-of error [i.e., the incorrectly

4

charged felony in the NTA], he would have avoided removal." *United States v. Almanza-Vigil*, 912 F.3d 1310, 1323 (10th Cir. 2019) (citing *United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2004)). In other words, the Court examines whether Defendant has "show[n] that he was prejudiced" because the Iowa drug tax stamp felony *would not* have been substituted or otherwise used as a basis to deport him. *Aguirre-Tello*, 353 F.3d at 1204.

Here, Defendant maintains that the only proffered "testimony or affidavit on the issue," proves that the NTA "alleged an incorrect/false charge that could not have been proven by the Government to sustain the charge of removability" and that "there was never an alternative charge of removability." (Doc. 40) at 2. Furthermore, Defendant contends that the record is devoid of any evidence suggesting that the Government would have amended the NTA to include the drug tax stamp felony or that it would have recharged Defendant with the same. *Id.* Therefore, according to Defendant, "the government cannot meet an essential element of the charge of removability (proof of criminal conviction)" because the removal proceedings would have been terminated. *Id.*

The Court disagrees with Defendant for two reasons. First, Defendant bears the burden to show that, but for the incorrect charge in the NTA, there was a reasonable likelihood that he would have *avoided removal* (not merely that the removal proceeding would have been terminated). But Defendant's reliance on an undisputed fact—that the NTA included an incorrect charge—falls well short of meeting this burden and completely overlooks the possibility that the drug tax stamp violation could have been substituted or recharged. Second, contrary to Defendant's assertion, the record contains sufficient evidence to support a finding that it is reasonably likely that the Government *would have* substituted the dismissed charged or *recharged* Defendant with the drug tax stamp violation. The evidentiary hearing transcript confirms this:

5

> **Mr. Herman Ortiz [Defendant's attorney]:** Okay, now, your opinion is that Mr. Rey's [Defendant's attorney at the removal proceeding] performance was ineffective; is that correct?
>
> **Mr. Mondragon:** Yes. He should have -- what the proper avenue would have been him [sic] to deny the conviction and the removability. And then the Government would have had to prove the charge. And, based on documents, they wouldn't have been able to. So what the Government should have done would have *changed the charge or lodge a different charge* -- a different section. Not an aggravated section.

(Doc. 38) at 26:12-20 (emphasis added). Moreover:

> **Mr. Ortiz:** Would the tax stamp violation -- would that have been charged as a CIMT [ crime involving moral turpitude] under the immigration code?
>
> **Mr. Mondragon:** I don't think it would be charged as a crime of moral turpitude. But *it would be charged under the section where it's an offense relating to a controlled substance*, which is not an aggravated felony, nor a CIMT, but a separate section.

*Id.* at 27:2-7 (emphasis added). Further:

> **Mr. Ortiz:** Okay. All right. So, in your opinion the, if the NTA had been properly challenged, then the government would have proceeded and what are the different avenues the government had? I just want to make sure I understand. Wouldn't one of them just been termination completely?
>
> **Mr. Mondragon:** The NTA would have been terminated, but then *the government could have re-charged him* under a different section.

*Id.* at 31:5-11 (emphasis added). Lastly:

> **Mr. Christopher McNair [Assistant United States Attorney]:** Okay. So, you also testified that this crime, the drug tax stamp law, would have been a crime, *that it could have been re-alleged as a crime related to a controlled substance*, is that correct?
>
> **Mr. Mondragon:** *Yeah*, there's a different section.
>
> **Mr. McNair:** And you also, you didn't include that in your affidavit is that correct?
>
> **Mr. Mondragon:** I don't think so.
>
> **Mr. McNair:** You just spoke about the crimes of moral turpitude?

6

**Mr. Mondragon**: Yeah, and I just saw the NTA, the way it was charged. But, yes, they could charge him under a different section.

*Id.* at 37:13-24 (emphasis added).

This testimony certainly does not establish that, but for the defective NTA, it was reasonably likely that Defendant would have avoided removal due to the Government declining to substitute or recharge the drug tax stamp violation. To the contrary—it shows that the drug tax stamp violation could have been substituted in place of the possession charge, or alternatively that Defendant could have been recharged with the drug tax stamp felony serving as the basis for removal. Thus, because Defendant has not shown that it was reasonably likely that he would not have been removed, the Court finds that Defendant cannot demonstrate prejudice and that he therefore cannot establish that the removal order was fundamentally unfair.

V. CONCLUSION

For these reasons, it is HEREBY ORDERED that Judge Fouratt's PFRD (Doc. 39) is ADOPTED, Defendant's Objections (Doc. 40) are OVERRULED, and Defendant's Motion (Doc. 23) is DENIED.

IT IS SO ORDERED.

_____
KENNETH J. GONZALES
UNITED STATES DISTRICT JUDGE

7